IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **Theodore B. Gould,** | ) |
| | ) Case No. 3:15-cv-00038 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| **United States of America; John Koskinen,** | ) |
| **Commissioner of the I.R.S.; Loretta E.** | ) By: Norman K. Moon |
| **Lynch, Attorney General** | ) United States District Judge |
| | ) |
| Defendants, | ) |

This matter is before the Court on Plaintiff's Fed. R. Civ. P. 60(b)(6) Motion to Vacate Prior Decisions and Defendants' Motion to Dismiss. Plaintiff, Theodore Gould, is seeking, for the third time in this Court, a "refund"[1] of taxes paid to the Internal Revenue Service ("I.R.S.") pursuant to a settlement between the Trustee of the Miami Center Liquidating Trust and the I.R.S. For the reasons set forth below, this Court will deny Plaintiff's Fed. R. Civ. P. 60(b)(6) Motion and will grant Defendants' Motion to Dismiss.

**I.   Background**

Theodore Gould brings this action seeking a tax refund of approximately $100 million based on events dating back to 1984, when Mr. Gould and several related entities voluntary filed for protection under Chapter 11 of the Bankruptcy Code. Because this is Mr. Gould's fourth action seeking a tax refund in the United States District Court for the Western District of

---

[1] Although Mr. Gould, in his pleadings, considers his request "restitution," it is effectively the same tax return that has been denied numerous times in the past.

1

Virginia[2], the Court will make only a brief recitation of the fact and the disposition of the prior cases.

Mr. Gould was 100 percent stockowner of Holywell Corporation. In August 1984, Holywell and other related entities filed petitions in the United States Bankruptcy Court for the Southern District of Florida in response to a foreclosure proceeding against real estate owned by Holywell and the related entities. In August 1985, the bankruptcy court approved a plan of reorganization which provided for the creation of the Miami Center Liquidating Trust ("the Miami Trust"). In that proceeding, Fred Stanton Smith was appointed as the Trustee of the Miami Trust. Smith filed an Adversary Proceeding in the bankruptcy court to determine whether he was required to file federal income tax returns, and if so, in what amounts. The issue was litigated and the Supreme Court held that the Trustee was required to file federal income tax returns and to pay the resulting tax liability. *Holywell Corp. v. Smith*, 503 U.S. 47 (1992).

In July of 1992, the I.R.S. asserted a tax liability against the Trustee on behalf of Holywell Corporation and related subsidiaries. The I.R.S. also issued reports asserting federal tax liabilities in excess of $30 million against Gould's bankruptcy estate and the Miami Trust. The Trustee disputed the amount due. Eventually, the I.R.S. and the Trustee reached a settlement where the Trustee agreed to pay the I.R.S. $10 million. In addition, the Trustee agreed that the I.R.S. could retain approximately $3.3 million previously paid by the Trustee. In September of 1993, the bankruptcy court conducted a hearing to approve the settlement. Over the objections of Mr. Gould, the court approved the settlement, and it was affirmed in subsequent appeals. *In re*

---

[2] This number does not reflect a fifth case that was filed and later dismissed by Mr. Gould to avoid being held in civil contempt and incarcerated by the United States Bankruptcy Court for the Southern District of Florida. *See Holywell Management of Washington, Inc., v. Smith*, No. 88-0023-C (W.D. Va. May 3, 1990).

*Holywell Corp.*, 177 B.R. 991 (S.D. Fla. 1995), *aff'd* 208 F.3d 1009 (11th Cir. Jan 26, 2000) (Table No. 97-23), *cert denied*, 530 U.S. 1229 (2000).

Two years after that decision, Mr. Gould, through the Holywell Corporation, brought his first action in this Court. *Holywell Corp. v. United States*, No. 97-0131-C, 1998 WL 718238 (W.D. Va. Aug. 26, 1998). Judge James C. Turk dismissed the action due to *res judicta*, preventing the relitigation of an issue decided in the prior bankruptcy proceeding. *Id.* at *3.

One year later, Mr. Gould, along with his wife, brought his second action in this Court seeking a $3 million income liability credit pursuant to the settlement. *Gould v. United States*, No. 3:98-cv-0107, 1999 WL 674551 (W.D. Va. 1999). Like Judge Turk, I held that the claim was barred by *res judicata*. *Id.* at *3. On appeal, the Court of Appeals for the Fourth Circuit affirmed, holding that the district court properly dismissed the tax refund suit on *res judiciata* grounds. *Gould v. United States*, 229 F.3d 1142, 2000 WL 1233583 (4th Cir. 2000), *cert. denied* 531 U.S. 1193 (2001).

Undeterred, Mr. Gould brought his third action in this Court. *Gould v. United States*, No. 3:06-cv-00008, 2007 WL 2325177 (W.D. Va. Aug. 9, 2007). In that case, Mr. Gould asserted that the settlement approved by the Bankruptcy Court was based on a "fraudulent" calculation of the taxes owed by the debtors, and that his income taxes were improper due to failed credits in the subsequent years. *Id.* at *1. I dismissed the action because the Court lacked subject matter jurisdiction, Mr. Gould lacked standing, and sovereign immunity barred the suit. *Id.* at *7. On appeal, the Court of Appeals for the Fourth Circuit affirmed, holding that the district court properly dismissed the case. *Gould v. United States*, 280 Fed. App'x 299 (4th Cir. 2008), *cert. denied* 555 U.S. 1154 (2009).

3

In the present action, Mr. Gould—once again seeking relief from the bankruptcy decision that occurred over thirty years ago—asserts that the Bankruptcy Court did not have statutory authority to approve the Settlement between the trustee and the United States. To support this conclusion, Mr. Gould contends that the attorneys for the United States made multiple "negligent" and "fraudulent" misrepresentations, and that the Bankruptcy Court relied upon these misrepresentations when making its finding of fact and approving the Settlement. Compl. ¶¶ 18, 30, 32, 53. As relief for the alleged misrepresentation, Mr. Gould asks the Court to award him "restitution" in the form of a tax refund, amounting to $87,378,196.11, plus compensatory damages and attorney fees of $7,693,437. Compl. ¶1, 18. In response to the lawsuit, Defendants have submitted a Motion to Dismiss Plaintiff's lawsuit on sovereign immunity and *res judicata* grounds. Defs.' Mot. to Dismiss 1.

In addition to the lawsuit, Mr. Gould submitted a Motion to Vacate Prior Decisions under Fed. R. Civ. Pro. 60(b)(6). In this motion, Mr. Gould asks this Court to "vacate the prior opinions in the tax refund cases in this Court that were based on fraudulent misrepresentations, or mistakes, for which the foundational questions is whether *res judicata*, or issue preclusion as to issues of law, precludes relitigation of judgments based on the invalid orders of another court for lack of jurisdiction." Pl's Mot. to Vacate 1.

## II. Discussion

### a. Rule 60(b)(6) Motion

In his Rule 60(b)(6) motion, Mr. Gould asks this Court to vacate its prior opinions due to the fact that fraudulent misrepresentations or mistakes were made in the Bankruptcy Court proceeding in the United States Bankruptcy Court for the Southern District of Florida and subsequent appeals. To succeed on this claim, Mr. Gould must submit a Rule 60(b)(6) motion in

4

the Court where the alleged fraud occurred. *Porcelli v. Joseph Schlitz Brewing Co.*, 78 F.R.D. 499, 500 (E.D. Wis. 1978), *aff'd* 588 F.2d 838 (7th Cir. 1978); *see also James v. Burr*, 2014 WL 5305955, *3 (N.D. W.Va. Oct. 15, 2014); *In re Ray*, 2008 WL 8449610, *12 (9th Cir. 2008). Accordingly, Mr. Gould would be required to submit his motion in the United States Bankruptcy Court for the Southern District of Florida in order to obtain any relief. *Id.*

Therefore, Mr. Gould's motion must be denied.

### b. Motion to Dismiss

#### i. Sovereign Immunity

On a Rule 12(b)(1) motion, the plaintiff bears the burden of proving that subject matter jurisdiction exists. *Piney Run Pres. Ass'n v. County Comm'rs*, 523 F.3d 453, 459 (4th Cir. 2008). In considering the motion, a court must accept as true all material factual allegations in the complaint and must construe the complaint in favor of the plaintiff. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). A court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The moving party's motion to dismiss should be granted when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

The United States, as a sovereign, enjoys immunity from suit unless it gives its express consent to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). This immunity is jurisdictional, depriving a court of all power to hear the claim. *See United States v. Sherwood*, 312 U.S. 584, 586-87 (1941). Such consent, when embodied in statute, must be strictly construed in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992). Therefore, a court may entertain actions only which fit easily within waivers and may not stretch

the language of a waiver beyond what it clearly says. *Id.* More specifically, in a suit against the United States, the plaintiff bears the burden of identifying a waiver of sovereign immunity. *See*, *e.g.*, *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009). For each of the three causes of action presented in Mr. Gould's complaint, he fails to identify a statute that waives sovereign immunity. Moreover, the United States may not be sued for common-law tort claims.[3] *See*, *e.g.*, *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995) ("As a sovereign, the United States enjoys immunity from suits for damages at common law.") Accordingly, this Court does not have jurisdiction over Mr. Gould's claims.

### ii. *Res Judicata*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [his] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief

---

[3] To the extent Mr. Gould is relying upon the Federal Tort Claims Act for waiver of the United States' sovereign immunity, the Court also must dismiss the claims as they are explicitly barred under 28 U.S.C. § 2680(c), which prohibits tax litigation under the Federal Tort Claims Act.

6

above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). In sum, Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

Defendants have moved to dismiss Mr. Gould's complaint as being barred by the doctrine of *res judicata*. *Res judicata* bars re-litigation of "every claim that might have been presented" during earlier litigation that resulted in a judgment on the merits. *Orca Yachts, LLC v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). The three elements for *res judicata* to apply are: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of the parties or their privies in the two suits." *Gould v. United States*, No. 99-2113, 2000 WL 1233583, at *1 (4th Cir. Apr. 3, 2000) (citing *Meekins v. United Transportation Union*, 946 F.2d 1054, 1057 (4th Cir. 1991)). "Generally, claims are part of the same cause of action when they arise out of the same transaction or series of transactions." *In re Varat Enters., Inc.*, 81 F.3d at 1316. Because the prior litigation in the United States Bankruptcy Court for the Southern District of Florida satisfies each element, Defendants' motion must be granted.

First, the prior tax return suit, which was approved by the Bankruptcy Court, qualifies as a final judgment on the merits. *Gould*, 2000 WL 1233583, at *2; *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Federal Deposit Ins. Corp. v. Jones*, 846 F.2d 221, 234–35 (4th Cir. 1988). Second, there is an identity of the cause of action, specifically the determination of responsibility

7

for the liquidating trust's tax liability and the ultimate settlement of the trustee's tax liability, which corresponds fully with Mr. Gould's request for "restitution" in this case. Finally, there is an identity of parties in the earlier bankruptcy action and the current case. "The United States and Theodore Gould were both named as defendant in the trustee's adversary proceeding . . . [and] [b]oth were given an opportunity to voice their approval of, or objections to, the settlement. . . ." *Gould*, 2000 WL 1233583, at *2.

In addition, Plaintiff's new statutory claims based on common law tort and contract principles do not escape the doctrine of *res judicata* because these claims involve the same underlying transactions as the bankruptcy proceeding and provide no new operative facts. *In re Varat Enters., Inc.*, 81 F.3d at 1316; *see also Perry v. LaHood*, 2009 WL 1350470, at *6 (E.D. Va. May 12, 2009) (dismissing new claims because they were the same "natural grouping or common nucleus of operative facts—that is, facts sufficiently related in time, space, origin and motivation," which "would have formed a convenient trial unit.") (internal quotations omitted).

Therefore, for these reasons, the Court will deny Plaintiff's Motion to Vacate under Fed. R. Civ. Pro. 60(b)(6) and grant Defendants' Motion to Dismiss. An appropriate order will accompany this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

ENTERED this __10th__ day of November, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE